**Mark THOMAS, Plaintiff,**

v.

**UNITED WISCONSIN LIFE INSURANCE COMPANY, Defendant.**

No. 8:04–CV–2069–T–26TBM.

United States District Court, M.D. Florida.

Nov. 29, 2004.

Barry E. Berger, Law Offices of Berger & Dowling, Palm Harbor, FL, for Plaintiff.

Bradley Seldin, Kenneth E. White, Law Office of Steven M. Ziegler, P.A., Hollywood, FL, for Defendant.

### *ORDER*

LAZZARA, District Judge.

Before the Court is Defendant's Motion to Stay Litigation and Compel Binding Arbitration with Incorporated Memorandum of Law and Plaintiff's Response. After due consideration of the parties' submissions and the record, the Court concludes that Defendant's motion is due to be granted.

Plaintiff sued Defendant in state court on August 10, 2004, for breach of a medical insurance contract contending that Defendant had wrongfully denied coverage to Plaintiff. After Plaintiff effected service on August 13, 2004, Defendant removed the case to this Court on September 14, 2004, based on diversity jurisdiction. On September 17, 2004, Defendant filed an amended answer and affirmative defenses interposing for the first time the affirmative defense of arbitration. On October 19, 2004, the parties filed a case management report in which they advised the Court that "[t]he contract at issue contains an arbitration clause that may be invoked by agreement or either party may file a motion to compel arbitration on or before November 19, 2004." Consistent with this statement, Defendant filed its motion to compel arbitration on November 11, 2004.

Plaintiff resists Defendant's claim of arbitrability in two respects. It first contends that the core issue in this case—whether coverage exists—is not an arbitrable issue because under Florida law the issue of coverage is reserved for a court. In light of the broad language of the arbitration clause in which the parties clearly and unambiguously agreed that "[a]ny disputes" were subject to arbitra-

tion, Plaintiff's contention lacks merit. As the Eleventh Circuit has recently observed, "[g]enerally, a court should enforce an arbitration agreement according to its terms, and no exception exists for a cause of action founded on statutory rights." *Davis v. Southern Energy Homes, Inc.,* 305 F.3d 1268, 1273 (11th Cir.2002). Consequently, if parties have the legal ability to enter into an agreement to arbitrate statutory causes of action, the Court perceives of no legal impediment preventing parties from agreeing, as here, to arbitrate an issue which traditionally is left to a court to decide.

Plaintiff's second contention is that Defendant has waived its right to arbitrate. The Court also rejects this argument. While it is true that a party may waive its right to arbitrate, such a waiver is established only if the totality of the circumstances demonstrate that the party acted inconsistently with its right to arbitrate and, by doing so, in some way prejudiced the other party. *See Ivax Corp. v. B. Braun of America, Inc.,* 286 F.3d 1309, 1315–16 (11th Cir.2002). Given the totality of the circumstances presented by this record, Defendant clearly invoked its right to seek arbitration within two months of Plaintiff's initiation of this lawsuit in state court and within the time frame agreed upon by the parties in the case management report. Moreover, there is absolutely no evidence even remotely suggesting that Defendant has substantially invoked the litigation process prior to demanding arbitration. *See S & H Contractors, Inc. v. A.J. Taft Coal Co.,* 906 F.2d 1507, 1514 (11th Cir.1990). Finally, Plaintiff has wholly failed to argue, much less demonstrate, any type of prejudice.

Accordingly, for the reasons expressed, it is ordered and adjudged as follows:

1) Defendant's Motion to Stay Litigation and Compel Binding Arbitration (Dkt.10) is granted.

2) The parties shall immediately engage in binding arbitration with regard to the issue of insurance coverage in accordance with the parties' contractual agreement.

3) The proceedings in this case are stayed during the arbitration process.

4) The parties shall advise this Court of the outcome of the arbitration proceedings within 10 days after the conclusion of those proceedings.

5) The Clerk is directed to administratively close this case during the arbitration process.

DONE AND ORDERED.